**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CR-20133-RAR**

**UNITED STATES OF AMERICA**

v.

**TANIA ROSA RODRIGUEZ,**

    Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND**
**DENYING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court on the Report and Recommendations submitted by Magistrate Judge Lauren F. Louis ("Report"), [ECF No. 33]. In her Report, Magistrate Judge Louis recommends that Defendant Tania Rosa Rodriguez's Motion to Dismiss Indictment for Preindictment Delay ("Motion"), [ECF No. 16], be denied. Report at 12. Defendant has timely filed Objections to the Report and Recommendations ("Objections"), [ECF No. 34]. The Court has fully reviewed the Report, the Motion, the Government's Response in opposition, [ECF No. 22], Defendant's Reply, [ECF No. 24], and is otherwise fully advised.

A district court reviewing a magistrate judge's report and recommendation "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 783-84 (11th Cir. 2006). The district court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CRIM. P. 59(b)(3); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." *Williams v. Wainwright*, 681 F.2d 732,

732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).   Legal conclusions are subject to *de novo* review, even if no party specifically objects.   *See U.S. v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *U.S. v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982).

Mindful of the standard of review, the Court has carefully examined the record—as well as conducted a *de novo* review of the Report's legal conclusions—and fully agrees with the Report's analysis and recommendations.   To establish a Due Process Clause violation based on pre-indictment delay, a defendant has the burden of establishing that (1) the delay caused actual prejudice to the defense and (2) the Government must have deliberately delayed indictment to gain a tactical advantage over the defendant.   Rep. at 4–5 (citing *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986)); *see also United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995) (noting that "actual prejudice . . . from the delay" and "that the delay resulted from a deliberate design by the government to gain tactical advantage" are required to establish a constitutional due process violation based on a delay in indictment).

Defendant objects to the Report's conclusion that Defendant's generalized assertion of faded memory is insufficient to show actual prejudice.   Obj. at 1–2.   But as correctly noted in the Report, faded memories occasioned by pre-indictment delay do not alone satisfy the actual-prejudice requirement necessary to raise such a delay to the level of a due process violation.   Rep. at 5 (citing *United States v. Corbin*, 734 F.2d 643, 648 (11th Cir. 1984)).   Similarly, Defendant re-emphasizes that Attorney Sarasua no longer has access to his case file from the underlying charge, which impedes Defendant's ability to investigate those underlying facts.   Obj. at 2.   But again, the Report correctly concludes that this cursory assertion does not suffice to establish actual prejudice.   Rep. at 6 (citing *United States v. Pendergrass*, No. 22-13018, 2025 WL 78172, at *5 (11th Cir. Jan. 13, 2025)).   Indeed, such speculation that Defendant would uncover favorable

Page **2** of **3**

evidence in Attorney Sarasua's case file is insufficient to meet Defendant's burden; the Eleventh Circuit has "rejected [such] prejudice arguments based on lost evidence when they [are] raised without any added showing that the loss '[impairs] [the defendant's] ability to provide a meaningful defense." *Pendergrass*, 2025 WL 78172, at \*5 (quoting *United States v. Solomon*, 686 F.2d 863, 872 (11th Cir. 1982)).

Given that Defendant cannot establish actual prejudice, the Court need not reach the second prong—or Defendant's objection that the Report "constructed an insuperable burden" and misapplied the Supreme Court's decision in *United States v. Lovasco*, 431 U.S. 783 (1977).   Obj. at 3.   In any event, the Court concludes that the Report correctly applied the Eleventh Circuit's two-prong test set forth above, *see* Rep. at 11 (citing *United States v. Caporale*, 806 F.2d 1487, 1514 (11th Cir. 1986)), and Defendant has failed to show that the Government deliberately delayed her prosecution to gain a tactical advantage.   *See United States v. Jones*, 592 F. App'x 920, 922 (11th Cir. 2015) (explaining that "the tactical advantage must be the result of *deliberate* action by the government toward that end.") (emphasis added).   Thus, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Objections [ECF No. 34] are **OVERRULED** and Magistrate Judge Lauren F. Louis' Report and Recommendation, [ECF No. 38], is **AFFIRMED AND ADOPTED**.   Defendant Tania Rosa Rodriguez's Motion to Dismiss Indictment for Preindictment Delay, [ECF No. 16], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of July, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record